UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEE ISSELHARDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-02123 |
| ) | |
| BEST BUY WAREHOUSING ) | |
| LOGISTICS, INC. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion to Dismiss, filed on December 3, 2012. (Doc. No. 9.) The matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Lee Isselhardt ("Plaintiff") worked for Defendant Best Buy Warehousing Logistics, Inc. ("Best Buy") from August, 2001 until his termination in May, 2012. (Compl. ¶¶ 5, 7.) When Plaintiff was terminated, Best Buy had in place a dispute resolution policy known as the Peer Review Process. (*Id*. ¶ 8.) It provides, in part:

> [W]hen an employee is faced with a situation that, in their view, has not been satisfactorily resolved by their manager and/or the eGO Support Center, the Peer Review Process may be used. Peer Review is a formal problem solving system designed to ensure that each employee's concerns are given careful consideration and conflicts are resolved quickly and fairly.

(*Id*. ¶ 10.) The Peer Review Process applies explicitly to termination decisions. (*Id*. ¶ 8.) It calls for the implementation of a Peer Review Panel which "has the authority to reverse termination decisions made by Best Buy, and has the authority to reinstate a terminated employee and make them whole for any compensation they have missed due to their termination." (*Id*. ¶ 18.)

Plaintiff attempted to appeal his termination through the Peer Review Process but was denied. (*Id*. ¶¶ 20, 22.) He then instituted this action against Best Buy, in state court, for breach of contract. (*Id*. ¶¶ 28-32.) On November 14, 2012, Best Buy timely removed the matter to this Court on the basis of diversity of citizenship. (Doc. No. 1.) Best Buy seeks dismissal of the Complaint.

## **LEGAL STANDARD**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally, in the light most favorable to the plaintiff. *See Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto. Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir.2005) (citing *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)).

The Court's assessment considers materials necessarily embraced by the pleadings, including exhibits attached to the complaint, and draws on the Court's judicial experience and common sense. *See Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012). Documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and central to the plaintiff's claim. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993) (citing cases).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While a complaint attacked under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929.

## **DISCUSSION**

The Court has reviewed the parties' submissions in connection with Best Buy's motion to dismiss thoroughly. Both parties agree, correctly, that Missouri is an "at-will" employment state. The question, then, is whether an employer's unilateral institution of a policy or procedure, such as the Peer Review Process, establishes an employer-employee contractual relationship whereby, if the employer allegedly violates the instituted policy or procedure, the employee may state a claim for breach of contract. Based on the reasoning in a recent decision in this District, *Dumonceaux v. TIN, Inc.*, 2012 WL 3045675 (E.D. Mo. July 5, 2012), the Court holds that, in the specific circumstances before it, an employee cannot state such a claim.

## CONCLUSION

**IT IS HEREBY ORDERED** that, in accordance with the foregoing, Defendant's Motion to Dismiss (Doc. No. 9) is **GRANTED** and that Plaintiff's Complaint (Doc. No. 4) is **DISMISSED** with prejudice. An appropriate Judgment will accompany this Memorandum and Order.

Dated this 15th day of March, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE